DELTA MECHANICAL, INC.,
an Arizona corporation,
Plaintiff—Appellant,

v.

GARDEN CITY GROUP, INC., a New York corporation; Rheem Manufacturing Company, a Delaware corporation; American Water Heater Company, a Nevada corporation; Bradford White Corporation; A.O. Smith Corporation, a Delaware corporation; State Industries, Inc., a Tennessee corporation; Lochinvar Corporation, Defendants—Appellees.

No. 08–15429.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 1, 2009.

Filed Aug. 26, 2009.

Glenn Hotchkiss, Esquire, Claudio Iannitelli, Esquire, Cheifetz Iannitelli Marcolini, PC, Phoenix, AZ, for Plaintiff–Appellant.

Kenneth Brendel, Esquire, Mangum, Wall Stoops and Warden, P.L.L.C., Flagstaff, AZ, for Defendants–Appellees.

Before: TROTT, McKEOWN and IKUTA, Circuit Judges.

## MEMORANDUM *

Delta Mechanical, Inc. ("Delta") appeals the district court's decision pursuant to Fed.R.Civ.P. 12(b)(6) that it is not a third-party beneficiary to a settlement agree-

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ment and thus is not entitled to bring a lawsuit for alleged breach, etc., of that agreement by the settling defendants. Delta also appeals the district court's decision that it cannot sue the Garden City Group, Inc. ("Garden City") as a contractual delegatee of the settling defendants.

We reverse in part, affirm in part, and remand for further proceedings.

## I

■ The district court was correct in denying the effects of collateral estoppel to Delta. The Missouri court's conclusion that Delta was a third-party beneficiary to the settlement agreement was not a critical and necessary part of its judgment that Delta was not entitled to intervene in the action which produced the agreement.

## II

■ The district court erred in concluding pursuant to Rule 12(b)(6) that Delta was not a third-party beneficiary to the agreement. The evidentiary record on this issue demonstrates at this early stage of the case that whether Delta was or was not a third-party beneficiary is a genuine issue of material fact that might survive summary judgment.

A party is a third-party beneficiary to a contract if the terms of the contract "clearly express intent to benefit that party or an identifiable class of which the party is a member." *Nitro Distrib., Inc. v. Dunn*, 194 S.W.3d 339, 345 (Mo.2006). "In cases where the contract lacks an express declaration of that intent, there is a strong presumption that the third party is not a beneficiary and that the parties contracted to benefit only themselves." *Id.* "Furthermore, a mere incidental benefit to the third party is insufficient to bind that party." *Id.*

It is not necessary that the contracting parties' primary object is to benefit the third parties, "but only that the third parties be primary beneficiaries." *Andes v. Albano*, 853 S.W.2d 936, 942 (Mo.1993). "Third party beneficiary status depends not so much on a desire or purpose to confer a benefit on the third person, but rather on an intent that the promisor assume a direct obligation to him." *Chesus v. Watts*, 967 S.W.2d 97, 106 (Mo.Ct.App. 1998); *see also Teter v. Morris*, 650 S.W.2d 277, 282 (Mo.Ct.App.1983).

The district court held that Delta was not a third-party beneficiary because the settlement agreement "does not express any intent that the defendants assume a direct obligation to Delta or other 'authorized service personnel.'" We conclude, however, that the evidence currently in the record viewed in the light most favorable to Delta could support a determination in its favor on this issue. The factual content of the complaint and reasonable inferences therefrom are plausibly suggestive of a claim entitling Delta to relief. *See Moss v. U.S. Secret Serv.*, 572 F.3d 962, 964–66 (9th Cir.2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

Section 8 of the agreement sets forth the "Settling Defendants' Obligations" which outlines the benefits the settling defendants must provide to the class. Class members are entitled to a certificate for a water dip tube replacement upon submitting a timely Proof of Claim form. The class member then has six months to redeem the certificate by using the services of an authorized service personnel who will provide the repair benefits. The class member is required to provide the Proof Documentation and parts and pieces of the dip tube to the approved plumber before he or she is entitled to the Section 8.2 replacement.

The agreement establishes an obligation on the part of the settling defendants to pay for the replacement of the water dip tubes:

8. **Settling Defendants' Obligations.** Settling Defendants shall provide the following benefits to the Class.

. . .

. . . The names of authorized service personnel who will be available to provide the service will be provided with the certificate. Settling Defendants shall ensure that adequate and trained service personnel are available to provide service to Class Members in a timely manner.

. . .

8.2.4. If a Class Member is experiencing property damage resulting from a Subject Dip Tube, such Class Member shall, in addition to a dip tube replacement, be entitled to repair of property damage caused by, or related to the Subject Dip Tube.

. . .

8.2.6. Upon submission of a timely, completed Proof of Claim, such claimant will be provided the identities of approved plumbers who will provide repair benefits.

. . .

16. **Assignment of Class Members' Claims Against Perfection.** Upon entry of the Final Order and Judgment, each Class Member . . . shall be deemed to and does hereby assign, unto the Settling Defendant that is responsible for providing to the Class Member any benefits described in Section 8, any and all claims . . . which the Class Member has or may have against [the dip tube manufacturer]. . . ."

. . .

25.3. Under the Settlement, each Tank Manufacturer is obligated to provide benefits under Section 8 of the Agreement only for claims made against its water heaters.

*Id.* at pp. 14–15, 22, 25.

There can be no doubt that Delta qualifies as "authorized service personnel." Thus, a reasonable fact finder might determine that the settling defendants did intend to assume a direct obligation to Delta for the replacement costs. Accordingly, it was error to dismiss this case pursuant to Rule 12(b)(6). Normally the next step would be to proceed to summary judgment. *Vignolo v. Miller,* 120 F.3d 1075, 1078 (9th Cir.1997).

### III

Delta has not raised a claim that it was a third-party beneficiary of an agreement between Garden City and the settling defendants. Therefore, we affirm the district court's dismissal of Garden City as a defendant. A mere agent of a disclosed principal is not a party to a contract and is not liable for the principal's nonperformance.

AFFIRMED IN PART, REVERSED IN PART, and REMANDED. The parties shall bear their own costs.

IKUTA, J., concurring in part and dissenting in part:

Although I concur in Sections I and III, I disagree with the analysis in Section II. In considering a motion to dismiss under Rule 12(b)(6), we "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* —— U.S. ——, ——, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009). "We next consider the factual allegations in respondent's complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. Under this test, Delta does not allege facts sufficient to survive a motion to dismiss.

Setting aside Delta's conclusory legal allegation that it is an intended third-party beneficiary of the Class Action Settlement Agreement, the essence of Delta's factual allegations is that 1) defendants failed to issue certificates to eligible class members, 2) such failure was a breach of the Settlement Agreement, and 3) as a result, Delta was not compensated. *See* Settlement Agreement, Section 8.2.3. Because Delta does not allege that the Settling Defendants agreed in the Settlement Agreement to incur an obligation to Delta, the complaint's factual allegations do not allow the court to draw the reasonable inference that Delta was an intended third-party beneficiary of the Settlement Agreement or that the defendants are liable to Delta for a breach of that agreement. The language in Section 8 of the Settlement Agreement quoted by the majority does not "plausibly give rise to an entitlement to relief." *Iqbal,* 129 S.Ct. at 1950. Accordingly, the district court did not err in dismissing Delta's complaint.